UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:18-CV-00189-TBR-LLK

LARRY R. ORDWAY                                                                                    PETITIONER

v.

SCOTT JORDAN, Warden                                                                        RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Petitioner Larry Ordway's ("Ordway") *pro se* petition for a writ of habeas corpus. [DN 1.] The Court directed Ordway to show cause why his petition should not be dismissed as time-barred. [DN 4.] Ordway responded to the Court's Show Cause Order. [DN 5.] The Court referred this matter to Magistrate Judge King. Magistrate Judge King filed his Findings, Conclusions, and Recommendations ("Recommendations") [DN 15] on October 7, 2019. Ordway filed Objections to the Recommendations. [DN 19.] The Magistrate Judge recommends that the Court deny as untimely Ordway's petition for writ of habeas corpus and motion for summary judgment pursuant to 28 U.S.C. § 2254 [DN 1; DN 12]. Upon review of the Recommendations, Objections, relevant law, and being otherwise sufficiently advised, the Court **HEREBY ADOPTS** the Magistrate Judge's Recommendations [DN 15].

### I. Background

Ordway was convicted of three counts of Robbery in the First Degree, five counts of Theft by Unlawful Taking Over $300, Receiving Stolen Property Over $300, Burglary in the Third Degree, and Persistent Felony Offender in the First Degree on July 10, 2009. [DN 1 at 1.] He was sentenced to 70 years' imprisonment. [*Id.*]

Ordway filed an appeal in the Supreme Court of Kentucky which affirmed in part and reversed in part his judgment. *See Ordway v. Commonwealth,* 352 S.W.3d 584 (Ky. 2011). Ordway

then filed a petition for certiorari in the United States Supreme Court which was denied on February 21, 2012. *See Ordway v. Kentucky,* 565 U.S. 1214 (2012). The Christian County Circuit Court denied two post-conviction motions by Ordway. [DN 1 at PageID 3-5.] Ordway also filed a state petition for habeas corpus on November 27, 2013, the denial of which was affirmed by the Kentucky Court of Appeals on July 21, 2017. [*Id.* at 4.]

Ordway filed the instant § 2254 petition in this Court on December 6, 2018. "Under the prison mailbox rule, a habeas petition is considered filed when the prisoner provides the petition to prison officials for filing." *Keeling v. Warden, Labanon Corr. Inst.,* 673 F.3d 452, 456 (6th Cir. 2012).

## II. Discussion

Due to Ordway's petition being filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides, in relevant part, as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A) and (2).

Here, as previously stated, the Supreme Court denied certiorari on February 21, 2012. This would mark the conclusion of direct review. Therefore, Ordway's 1-year limitation would

run on February 21, 2013—barring any equitable tolling. However, the Christian County Circuit Court filed an Amended Judgment on March 15, 2012 which resets the limitation period. [DN 13-2 at PageID 395.] *See Nuchols v. Parker,* 2011 U.S. Dist. LEXIS 116060 *4 (W.D. Ky. Oct. 6, 2011). The Magistrate Judge stated Ordway's limitation began to run 10 days later—on March 25, 201[2]—the expiration of the time to amend the amended judgment. However, Ordway's conviction became final on April 15, 2012, at the expiration of the thirty-day period during which he could have filed an appeal of his amended judgment. *See Nuchlos,* 2011 U.S. Dist. LEXIS 116060 at 4; *see also* Ky. R. Crim. P. 12.04(3) ("The time within which an appeal may be taken shall be thirty (30) days after the date of entry of the judgment or order from which it is taken.").

**A. 80 days of Ordway's 1-year period of limitation ran between April 15, 2012 and July 3, 2012.**

Ordway argues he filed his first 60.02 motion on January 20, 2012 when he mailed the petition to the Christian County Clerk. [DN 14 at 4.] He argues the prison mailbox rule established in *Houston v. Lack,* 487 U.S. 266 (1988) applies here. In *Houston v. Lack*, the Supreme Court held a notice of appeal is filed, under federal law, at the moment an inmate delivers the document to prison authorities for forwarding. 487 U.S. 266, 271(1988). However, the "timeliness of [a state] prisoner's post-conviction petition is governed by state statute." *Vroman v. Brigano,* 346 F. 3d 598, 603 (6th Cir. 2003). Kentucky has codified the prison mailbox rule. Kentucky Rule of Criminal Procedure 12.04(5) states: "[i]f an inmate files a notice of appeal in a criminal case, the notice shall be considered filed if its envelope is officially marked as having been deposited in the institution's internal mail system on or before the last day for filing with sufficient First Class postage prepaid." This rule unambiguously states it applies to appeals. Here, Ordway filed a post-

conviction motion. Such motions are not entitled to the special filing rule under Kentucky state law.

Ordway attached a notice and certificate of service to his motion stating he mailed a copy of the motion on January 20, 2012. [DN 13-2 at PageID 410.] He also mailed the motion a second time stating he mailed it on June 29, 2012. [*Id.* at PageID 411.] The 60.02 motion was not filed with the Christian County Circuit Court Clerk until July 3, 2012. The Court agrees with the Magistrate Judge that the mailbox rule is not applicable here.

Therefore, Ordway's motion was not properly filed until July 3, 2012. Once Ordway's motion was filed, he was entitled to tolling until his motion was decided. *See* 28 U.S.C. § 2244(d)(2).

Even if the Court found that Ordway's motion was filed on January 20, 2012, his petition still would not be timely for the reasons that follow.

**B. 520 days ran between August 29, 2012 and January 31, 2014.**

The Christian County Circuit Court denied Ordway's 60.02 motion on July 30, 2012. [DN 13-3 at PageID 412.] The Kentucky Court of Appeals found Ordway sent two notices of appeal but "neither of them was filed." *Ordway v. Commonwealth,* 2017 WL 3129179, at n. 1 (Ky. App. July 21, 2017). Ordway had 30 days after the denial of his motion—until August 29, 2012—to *properly* file a notice of appeal. *See* CR 73.02(1)(a) ("The notice of appeal shall be filed within 30 days after the date of notation of service of the judgment or order".)

Ordway sent two notices of appeal to the Christian County Circuit Court that were returned due to his failure to provide an affidavit of indigency, a copy of the order being appealed, and the filing fee not being paid. [DN 5-1 at PageID 102-105; DN 5 at 3.] After multiple attempts to properly file the notice of appeal, a notice of appeal was filed on May 3, 2013. [*Id.* at PageID 119.]

4

However, this notice of appeal was clearly filed outside of the 30-day period to properly file appeals. Therefore, Ordway did not file an appeal and tolling ended on August 29, 2012.

Ordway argues tolling began on January 29, 2014—when he signed the notice and certificate of service on his RCr 11.42 motion—and not January 31, 2014 [DN 19-3 at PageID 811.] However, 28 U.S.C. § 2244(d)(2) states tolling applies when an application for relief is "properly filed". The Christian County Court filed Ordway's motion on January 31, 2014. [DN 13-3 at PageID 415.] Therefore, tolling began on that date.

**C. 183 days ran between June 6, 2018 and December 6, 2018.**

The Christian County Court denied Ordway's RCr 11.42 motion on September 12, 2014. [*Id.* at PageID 457.] Ordway then filed an appeal with the Kentucky Court of Appeals. [*Id.* at PageID 462.] The Court of appeals affirmed the Circuit Court's order denying Ordway's motion. *See Ordway,* 2017 WL 3129179 (Ky. App. July 21, 2017). Ordway then filed a motion with the Kentucky Supreme Court for discretionary review. [*Id.* at PageID 524.] On June 6, 2018, the Kentucky Supreme Court entered an order denying discretionary review of the Court of Appeals' decision. [*Id.* at PageId 548.] Time was tolled during the pendency of Ordway's appeals. However, tolling ceased when the Kentucky Supreme Court denied discretionary review. Ordway then waited until December 6, 2018—183 days—to file the present petition.

Here, Ordway's petition was 418 days late. 80 days of Ordway's 365-day limit ran between April 15, 2012 and July 3, 2012. 520 days ran between August 29, 2012 and January 31, 2014. Finally, 183 days ran between June 6, 2018 and December 6, 2018. Therefore, a total of 783 days ran before Ordway filed his petition—making the petition 418 days late. As previously stated, even if this Court construed Ordway's 60.02 motion as being filed on January 20, 2012, his petition would still be 338 days late.

In his objections, Ordway states, this Court "has already determined that the time frame was tolled the whole time". [DN 19 at 5.] The Court, however, did not determine time was tolled. In an Opinion and Order, this Court directed Ordway to show cause why his petition was not untimely. [DN 4.] This was due to the petition omitting when Ordway's 60.02 motion was decided. [*Id.* at 3.] According to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, during a preliminary review the Court "must order the respondent to file an answer" unless "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court". This Court allowed Ordway's petition to proceed due to Ordway's implicit argument that he was entitled to equitable tolling. [*See* DN 5 at 5.] Simply proceeding pass preliminary review does not equate to a ruling that his petition was timely.

## D. Equitable Tolling

The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly." *Dunlap v. United States,* 250 F.3d 1001, 1008-09 (6th Cir. 2001). A litigant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

Ordway first argues he is entitled to equitable tolling due to his "diligence" in appealing the denial of his 60.02 motion. Ordway's motion was denied on July 30, 2012. He sent a notice of appeal to the Christian County Circuit Court on August 14, 2012. [DN 5-1 at PageID 102.] However, that notice was returned to Ordway on October 9, 2012 due to his failure to provide an

affidavit of indigency and a copy of the order being appealed. [*Id.* at PageID 103.] Ordway states he sent a corrected notice of appeal on October 22, 2012. [DN 5 at 3.] That notice of appeal was again returned to Ordway on October 25, 2012 due to the filing fee not being paid. [DN 5-1 at PageID 106.] On February 19, 2013, four months later, Ordway's mother sent a letter and a money order for one hundred dollars to the Christian County Clerk for the filing fee. [*Id.* at PageID 109.] The Christian County Clerk returned the money order to Ordway's mother on February 25, 2013, because the paperwork was not filed with the fee. [*Id.* at PageID 108.] A notice of appeal was filed on May 3, 2013. [*Id.* at PageID 119.] However, this was after the time to appeal.

A petitioner relying on equitable tolling to save an otherwise time-barred habeas petition must demonstrate that he acted promptly in asserting his federal rights. *Allen v. Yukins*, 366 F.3d 396, 404 (6th Cir.2004); *Cook v. Stegall*, 295 F.3d 517, 522 (6th Cir.2002). The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence. *Holland*, 560 U.S. at 653.

Here, the Court finds Ordway acted with reasonable diligence. Ordway filed his first notice of appeal within the 30-day period to do so. Although he acted promptly, his notice was not returned until two months later. Ordway, within a few weeks, sent a second notice. This notice was returned promptly. Although waiting four months to have his mother send the money order was not acting with "maximum feasible diligence", the Court finds, as a whole, Ordway acted with reasonable diligence in attempting to file his appeal.

Although Ordway acted diligently, he has not alleged any extraordinary circumstances existed. Nothing stood in Ordway's way of filing a timely and proper notice of appeal. If the notice of appeal Ordway sent on August 14, 2012 was proper, there would be no issue of timeliness. Ordway has not shown any circumstances that prevented him from attaching a copy of the order

7

being appealed or an affidavit of indigency to his first notice of appeal. Further, Ordway has not alleged any extraordinary circumstances prevented him from paying the filing fee when he sent the second notice. Without such circumstances, Ordway is not entitled to equitable tolling for this time.

Ordway does not object to the Magistrate Judge's finding that 183 days of his 1-year limitation ran between June 6, 2018 and December 6, 2018.

### E. Certificate of Appealability

In the event that Ordway appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present, and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id*. In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

### F. Conclusion

The above matter having been referred to the United States Magistrate Judge, who has filed his Findings of Fact and Conclusions of Law, objections having been filed thereto, and the Court having considered the same:

1. **IT IS HEREBY ORDERED**, that the Court **ADOPTS** the Findings of Fact and Conclusions of Law as set forth in the report submitted by the United States Magistrate Judge; [DN 15]

2. **IT IS FURTHER ORDERED**, that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and motion for summary judgment [DN 1; DN 12] are **DENIED**;

3. **IT IS FURTHER ORDERED**, that a Certificate of Appealability is **DENIED**.

**IT IS SO ORDERED.**

cc: Larry Ordway
 124634
 Luther Luckett Correctional Complex
 P.O Box 6
 LaGrange, KY 40031
 PRO SE