## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## CIVIL ACTION NO. 5:18-CV-00189-TBR-LLK

**LARRY R. ORDWAY**                                                                                   **PETITIONER**

**v.**

**SCOTT JORDAN, Warden**                                                                              **RESPONDENT**

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon *Pro se* Petitioner Larry Ordway's ("Ordway") Motion for Relief of Judgment per FRCP 52, 59 and 60(b)(2) and (6). [DN 22.] Ordway also filed another Motion for Relief of Judgment per Fed. R. Civ. P. 60(b)(2) and (6). [DN 23.] The respondent has not responded and the time to do so has passed. For the reasons that follow, **IT IS HEREBY ORDERED** that both Motions [DN 22 and 23] are **DENIED**.

### I. Background

Ordway was convicted of three counts of Robbery in the First Degree, five counts of Theft by Unlawful Taking Over $300, Receiving Stolen Property Over $300, Burglary in the Third Degree, and Persistent Felony Offender in the First Degree on July 10, 2009. [DN 1 at 1.] He was sentenced to 70 years' imprisonment. [*Id.*]

Ordway filed an appeal in the Supreme Court of Kentucky which affirmed in part and reversed in part his judgment. *See Ordway v. Commonwealth,* 352 S.W.3d 584 (Ky. 2011). Ordway then filed a petition for certiorari in the United States Supreme Court which was denied on February 21, 2012. *See Ordway v. Kentucky,* 565 U.S. 1214 (2012). The Christian County Circuit Court denied two post-conviction motions by Ordway. [DN 1 at PageID 3-5.] Ordway also filed a state petition for habeas corpus on November 27, 2013, the denial of which was affirmed by the Kentucky Court of Appeals on July 21, 2017. [*Id.* at 4.]

Ordway filed the instant § 2254 petition in this Court on December 6, 2018. The Court denied Ordway's petition in a previous filed Memorandum Opinion and Order. [DN 20.] Ordway now seeks relief from that judgment.

## II. Legal Standard

Federal Rule of Civil Procedure 59(e) allows the Court to alter or amend its prior judgment on timely motion. Fed. R. Civ. P. 59(e). A Rule 59(e) motion must be based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Schlaud v. Snyder*, 785 F.3d 1119, 1124 (6th Cir. 2015) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)) (internal quotation marks omitted). "The purpose of Rule 59(e) is 'to allow the [Court] to correct its own errors,' " *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)), not to rehash old arguments, *see Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998), or to present new ones, *see Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). The standard is the same for Rule 52(b) motions. *Brown v. Owens Corning Inv. Review Comm.*, 2009 WL 1362607, at *1 (N.D. Ohio May 13, 2009) (citing *Diebitz v. Arreola*, 834 F. Supp. 298, 302 (E.D. Wis. 1993)).

There are six grounds provided under Rule 60(b) for relief from a final order, including: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P.

60(b). Motions to reconsider under Rule 60(b) provide an "opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F.Supp. 810, 812 (D. Kan. 1996). Rule 60(b) motions fall within the sound discretion of the district court. *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999). Such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502–03 (6th Cir. 2000) (citing *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994)). "The standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion." *Moore v. Hayes*, 156 F.3d 1231 (6th Cir. 1998). One of the six specified circumstances must exist for the Court to even consider granting such relief. *Id.*

### III. Discussion

Ordway does not present new evidence to the Court but argues the Court misapplied the law when finding he did not appeal the Christian County Circuit Court's denial of his 60.02 motion and therefore allowing 520 days to run. To support his argument, he primarily relies on two cases—*Pace v. DiGuglielmo*, 544 U.S. 408 (2005) and *Foxworthy v. Norstam Veneers, Inc.*, 816 S.W.2d 907 (Ky. 1991).

In *Pace,* Pace filed a state postconviction petition under the Pennsylvania Post Conviction Relief Act ("PCRA"). *Pace,* 544 U.S. at 410. That petition was dismissed by the Court of Common Pleas and Pace appealed. *Id.* at 411. In response to the appeal, the government argued the PCRA petition was untimely. *Id.* The Superior Court agreed and dismissed the petition as untimely. *Id.*

Pace then filed a habeas petition with the district court. *Id.* The district court held that even though the state court found his petition to be untimely, it could still be "properly filed" as required

by 28 U.S.C. § 2254. *Id.* at 412. The Third Circuit reversed stating, "when a state court deems a petition untimely, it is not properly filed." *Id.* (internal quotations omitted). The Supreme Court granted certiorari and affirmed. *Id.* at 413. Pace argued he was entitled to equitable tolling because "state law and Third Circuit exhaustion law created a trap" on which he detrimentally relied as his federal time limit slipped away." *Id.* at 418.

Here, Ordway seemingly relies on the Supreme Court's statement that "[e]ven if we were to accept petitioner's theory, he would not be entitled to relief because he has not established the requisite diligence" to argue he has satisfied the extraordinary circumstances test for equitable tolling. *Id.* However, the Supreme Court did not find that the exhaustion requirements did in fact create a "trap" or that Pace did prove that it was an extraordinary circumstance. Instead, the Court focused on the lack of diligence by Pace. *Pace* does not provide clearly established law and does not support Ordway's argument that this Court misapplied law.

Ordway next relies on the state court case—*Foxworthy*—to support his position. "Federal courts may only grant a writ of habeas corpus if a petitioner shows that the state's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established *Federal law*, as determined by the Supreme Court of the United States". *Johnson v. Bottom*, 2020 WL 2545326, at *2 (W.D. Ky. May 19, 2020) (emphasis added). Therefore, *Foxworthy* cannot be the basis for relief. Furthermore, *Foxworthy* is distinguishable from Ordway's case because the clerk in *Foxworthy* filed the incorrect Notice of Appeal rather than returning it. *Foxworthy,* 816 S.W.2d at 908. The Court in *Ordway v. Commonwealth,* 2017 WL 3129179, *1, n.1 (Ky. App. July 21, 2017), noted that the Notice of Appeal was not filed. Unlike in *Foxworthy,* the clerk returned the notices. Therefore, this case does not provide a basis for relief.

Ordway also argues it was improper for the Court not to reach the merits of his claim. Without more evidence that the Court's finding was improper, Ordway has not met his burden under Fed. R. Civ. P. 52, 59, or 60. As such, his motions must be denied.

### IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Ordway's Motion for Relief of Judgment per FRCP 52, 59 and 60(b)(2) and (6) [DN 22] and Motion for Relief of Judgment per Fed. R. Civ. P. 60(b)(2) and (6) [DN 23] are **DENIED.**

**IT IS SO ORDERED.**

*[Signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

July 22, 2020

cc: Larry Ordway
    124634
    Luther Luckett Correctional Complex
    1612 Dawkins Road
    LaGrange, KY 40031
    PRO SE